IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

HARRY GILLMAN and wife          ) LOUDON COUNTY
SAUNDRA GILLMAN, Individually   ) 03A01-9706-CH-00239
and d/b/a TENNESSEE WASTE       )
MOVERS                          )
                                )
      Plaintiffs-Appellants     )
                                )
                                )
      v.                        ) HON. FRANK V. WILLIAMS, III,
                                ) CHANCELLOR
                                )
LOUDON COUNTY COMMISSION and    )
LOUDON COUNTY BOARD OF ZONING   )
APPEALS                         )
                                ) AFFIRMED IN PART; VACATED
      Defendants-Appellees      ) IN PART; and REMANDED


RONALD J. ZUKER and KIMBERLY R. TAYLOR OF KNOXVILLE FOR
APPELLANTS

HARVEY L. SPROUL OF LENOIR CITY FOR APPELLEES



O P I N I O N



                              Goddard, P.J.



        Plaintiffs, Harry and Sandra Gillman, owners of

Tennessee Waste Movers, appeal a judgment of the Chancery Court

of Loudon County upholding both the validity of Loudon County

zoning resolutions dealing with waste disposal facilities and the

Loudon County Board of Zoning Appeals' refusal to grant a permit to add additional land to a presently functioning demolition landfill.

The Gillmans own and operate a demolition landfill in Loudon County. The current landfill was licensed by the State of Tennessee, Department of Environment and Conservation, Division of Solid Waste Management in 1993. On or about July 15, 1995, the Gillmans entered into a contract for the purchase of approximately eleven acres adjacent to their current landfill, with closing subject to the property being permitted by all local and state authorities to operate as a demolition landfill. The Gillmans planned to use this additional property as an expansion of their current operation. The Gillmans intended entry to be granted by the same gatehouse and intended the additional land to be managed as part of the original landfill. On May 9, 1996, the Loudon County Board of Zoning Appeals denied the Gillmans a permit to use this eleven acres as a demolition landfill. In refusing to grant the permit, the Board relied upon Loudon County Zoning Resolution Section 4.190 which was adopted in 1995. Section 4.190 reads in part:

Section 4.190 Waste Disposal Facilities Location and Design Standards

   A. Purpose. These standards are established in order to maintain the integrity of rural Loudon County and preserve the health, safety and general welfare of the community resulting from the improper location and design of landfill operations. These standards apply to the location, buffering and design restrictions for any waste operation, including, but not limited to

2

demolition, sanitary, or structural fill waste operations.  No site shall be approved by the Loudon County Board of Zoning Appeals as a special exception unless the site and design complies with the minimum provisions outlined in this Section as well as those regulations of any state agency empowered to adopt provisions for the design and location of waste facility operations.  Where discrepancies exist between the regulating entities, the stronger provision shall apply.

### B.  Location and Site Design Standards

No site shall be approved for a waste disposal facility site unless said site complies with the following minimum standards, as well as any standard the Board of Zoning Appeals determines is necessary in order to maintain the character of the community and health, safety and welfare of the inhabitants of the area:

1.   Site must have direct access to an arterial or collector road having a minimum pavement width of 24'.

2.   No site shall be approved unless properties surrounding the site are served by public utility water.

3.   Entrances into the landfill operation shall be paved and curbed from the connection of the road to the required entrance gate.

4.   Suitable left turn lanes, accel and decel lanes shall be provided at the entrance as determined by the board of zoning appeals.

5.   An undisturbed buffer is required along the perimeter of the site.  A 300' buffer shall be maintained on the front of the site and a 200' buffer along the remaining side and rear lot lines.  The purpose of the buffer area is to visually screen the view of the operation from adjoining properties and public roads.  If existing vegetative cover is not sufficient to adequately screen the operation then suitable nursery stock shall be required.

6.   The perimeter of the site shall be fenced which shall not be permitted in the buffer area.

7.   A gate house or weigh station shall not be visible to the road or other properties.  An on-site tire cleaning system shall be installed and used during the hours of operation in order to insure that dirt or other accumulation of debris is not deposited on the public road from exiting vehicles.

3

8. No waste disposal site shall be approved if the site is located within 5 miles (air miles) of an existing operating waste disposal site. This requirement shall not prevent the expansion of an existing approved landfill operation.

9. No waste disposal site shall be approved under this Resolution unless such site is devoted exclusively in the disposal of waste generated in Loudon County. . . .

As a result of the Board of Zoning Appeals' denial of the landfill permit, on June 5, 1996, the Gillmans filed two suits against the Loudon County Commission and the Loudon County Board of Zoning Appeals. In the first suit, Chancery Court docket number 9239, the Gillmans requested that the Chancery Court declare Section 4.190 of the Loudon County Zoning Resolution invalid for failure of the Loudon County Commission to comply with the notice requirements of Tennessee Code Annotated § 13-7-105. Furthermore, the Gillmans sought Section 4.190 be declared invalid as it contains unconstitutional provisions. Both parties filed Motions for Summary Judgment. On February 6, 1997, the Chancery Court of Loudon County heard argument on both motions.

The Trial Court held that the notice of the public hearing was sufficient to meet the requirements laid out in T.C.A. § 13-7-105. As to Section 4.190, B.1 through B.8, the Trial Court found that a rational basis exists for those provisions and, therefore, the provisions were not unconstitutional. The Trial Court held that Section 4.190, B.9 violated the Commerce Clause of the United States Constitution,

but the Trial Court further held that this unconstitutional subsection was not so essential or interwoven with the other subsections as to render the entire provision unconstitutional as well. As a result of these findings, the Trial Court dismissed this complaint against the Loudon County Commission and the Loudon County Board of Zoning Appeals.

In the second suit, Chancery Court Docket Number 9240, the Gillmans petitioned the Court by a Writ of Certiorari seeking reversal of the decision of the Loudon County Board of Zoning Appeals denying the Gillmans' request to use the adjoining property as an expansion of their demolition landfill. Upon the initial hearing, the Trial Court remanded the cause to the Loudon Board of Zoning Appeals for the purpose of reconsidering and specifying the provisions with which the Gillmans' application fails to comply. The Court further ordered that upon such reconsideration, either party could move for a further hearing.

On November 18, 1997, the Gillmans' reappeared before the Loudon County Board of Zoning Appeals and requested several variances as part of their permit request. The Board of Zoning Appeals refused to grant a variance reducing the buffer zones established in Section 4.190B.5 of the Zoning Resolution. Furthermore, the Board of Zoning Appeals found that the Gillmans' request sought the establishment of a new landfill instead of the expansion of a presently operating landfill. The Board of Zoning

5

Appeals also refused to waive the five mile distance limitation for new landfills set out in Zoning Provision 4.190B.8. The Board of Zoning Appeals granted variances to all other subsections of Zoning Resolution 4.190, but denied the requested special exception and denied the permit to establish a new landfill because the proposed landfill violated subsections five and eight of Section 4.190B.

The Gillmans then filed a Motion for Further Hearing in order to seek a reversal of the Board of Zoning Appeals denial of the variances pertaining to these two subsections of the Zoning Revolution. On April 20, 1998, the Chancery Court of Loudon County heard arguments regarding the denial of the variances. The Chancery Court affirmed the Board of Zoning Appeals as to its interpretation that the Gillmans' permit request constituted an application for a new landfill instead of the expansion of an existing landfill. Finding this issue to be determinative, the Trial Court rendered judgment in favor of the Defendants and dismissed the Gillmans' Petition for Certiorari.

The Gillmans appeal the dismissal of the first suit, Chancery Court docket number 9239, as such dismissal pertains to the notice of the public hearing and to the constitutionality of Zoning Resolution subsections 4.190B.5 and B.8. The Gillmans do not appeal the constitutionality of the other subsections of Zoning Resolution 4.190 because the Board of Zoning Appeals has since granted them a variance to those subsections upon remand by

6

Order of the Chancery Court in the second suit, Chancery Court docket number 9240. The Gillmans also appeal the Chancery Court's dismissal of their Petition for Certiorari in cause number 9240.

The Gillmans present the following issues for review:

1. Whether the 15 day notice requirement of the Tennessee Code Annotated § 13-7-105(b)(1) applies to the publishing of a complete summary of the proposed amendment such that failure to so timely publish said summary results in the invalidity of the adopted amendment.

2. Whether a zoning resolution requiring an undisturbed buffer zone of 300 feet on the front of a site and 200 feet along the side and rear lot lines is arbitrary, capricious, unreasonable and unconstitutional.

3. Whether the denial of a variance request was improper when no material evidence was presented to support the decision by the Board of Zoning Appeals.

4. Whether a zoning resolution prohibiting approval of any landfill if the site is located within five miles of an existing landfill is constitutional.

5. Whether expanding the borders of an already existing landfill to add land appurtenant thereto constitutes an expansion of an existing landfill.

6. Whether the denial of certain variance requests by the Board of Zoning Appeals was improper when said denial effectively deprives the land owner of the beneficial use of his land.

Summary judgment is rendered in favor of a party upon a showing "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn.R.Civ.P. 56.03. No presumption of correctness attaches to decisions granting summary judgments because they involve only questions of law. Thus, on appeal, we must make a fresh determination concerning whether or not the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. Hill v. City of Chattanooga, 533 S.W.2d 311, 312 (Tenn.Ct. App.1975). In doing so, we must consider the pleadings and the evidentiary materials in a light most favorable to the motion's opponent, and we must draw all reasonable inferences in the opponent's favor. Blocker v. Regional Medical Center, 722 S.W.2d 660 (Tenn.1987); Poore v. Magnavox Co., 666 S.W.2d 48, 49 (Tenn.1984); Jones v. Home Indemnity Ins. Co., 651 S.W.2d 213, 214 (Tenn.1983).

In the case at hand, both parties sought summary judgment based upon the facts presented. Neither party raises

8

issue as to any material fact; therefore, we will resolve this appeal upon the legal issues alone.

*Notice Requirement*

The Gillmans contend that Zoning Resolution 5-1-95 which amended Article 4 of the zoning resolutions of Loudon County to add Section 4.190 pertaining to waste disposal facilities is invalid because the Loudon County Commission failed to publish a summary of the resolution at least 15 days prior to the public hearing on the resolution.  The Gillmans base this argument of § 13-7-105 of Tennessee Code Annotated entitled "Amendment of Ordinances" which states:

> (a) The county legislative body may from time to time amend the number, shape, boundary, area or any regulation of or within any district or districts or any other provision of any zoning ordinance;  but any such amendment shall not be made or become effective unless the same be first submitted for approval, disapproval or suggestions to the regional planning commission of the region in which the territory covered by the ordinance is located, and, if such regional planning commission disapproves within thirty (30) days after such submission, such amendment shall require the favorable vote of a majority of the entire membership of the county legislative body.

> (b)(1) Except as provided in subdivision (b)(2), before finally adopting any such amendment, the county legislative body shall hold a public hearing thereon, at least fifteen (15) days' notice of the time and place of which shall be given by at least one (1) publication in a newspaper of general circulation in the county.  A complete summary of such amendment shall be published at least once in the official newspaper of the county or in a newspaper of general circulation in the county.  The summary shall include a statement that a complete copy of the amendment is available and where such copy may be obtained.  If the zoning ordinance rezones property, a description of the property that is

rezoned shall be included in the summary. (Emphasis added)

The record shows that the Notice of Public Hearing for Consideration was published in the March 16, 1995 edition of the *News Herald.* Thereafter, on March 23, 1995, a summary of the amendment to the zoning ordinance was published. The County Commission held the public hearing regarding this amendment on April 3, 1995.

When called upon to construe statutes, courts presume that the general assembly selected the words deliberately, Tenn. Manufactured Housing Ass'n. v. Metropolitan Gov't., 798 S.W.2d 254, 257 (Tenn.Ct.App.1990), and that each word is a necessary part of the statute. Tenn. Growers, Inc. v. King, 682 S.W.2d 203, 205 (Tenn.1984). Statutory words draw their meaning from the context of the entire statute, Knox County ex rel. Kessel v. Lenoir City, Tenn., 837 S.W.2d 382, 387 (Tenn.1992), and from the statute's purposes and objectives. Dorrier v. Dark, 537 S.W.2d 888, 892 (Tenn.1976); Pearson v. Hardy, 853 S.W.2d 497, 500 (Tenn.Ct.App.1992). For this reason, in order to ascertain legislative intent, a statute should be read as a whole, not in parts, James Cable Partners v. Jamestown, 818 S.W.2d 338, 342 (Tenn.Ct.App.1991), and a statute's meaning is to be determined not from special words in a single sentence or section, but from the act taken as a whole, viewing the legislation in light of its general purpose. Loftin v. Langsdon, 813 S.W.2d 475, 478 (Tenn.Ct.App.1991).

After thoroughly reviewing T.C.A. §13-7-105, we hold
that the Loudon County Commission met notice requirements set
forth for the amendment of an ordinance.  T.C.A. §13-7-105
clearly requires the initial notice of public hearing to be
published fifteen days prior to the public meeting.  This initial
notice guarantees citizens the time to adequately prepare for the
public hearings.  The statute is clear in requiring only that the
summary of the amendment be published once before the public
hearing.  We must presume that the general assembly selected the
words in T.C.A. §13-7-105 deliberately in order to convey its
intent and purpose; therefore, we affirm the grant of summary
judgment as to the issue of adequate notice of the public
hearing.


### *Constitutionality of the Buffer Zone Requirements*


The Gillmans contend that the Trial Court erred in
finding the buffer requirements of Section 4.190B.5
constitutional.  The Gillmans claim that this requirement is
arbitrary, capricious, unreasonable and, thereby,
unconstitutional.  As already noted, Section 4.190 of the Loudon
County Zoning Resolution states:

> 5.  An undisturbed buffer is required along the
> perimeter of the site.  A 300' buffer shall be
> maintained on the front of the site and a 200' buffer
> along the remaining side and rear lot lines.  The
> purpose of the buffer area is to visually screen the
> view of the operation from adjoining properties and
> public roads.  If existing vegetative cover is not
> sufficient to adequately screen the operation then
> suitable nursery stock shall be required.

11

Local legislative bodies have broad discretion in enacting or amending zoning ordinances. When the validity of a zoning ordinance is fairly debatable, the courts may not substitute their judgment for that of the local legislative body. A zoning ordinance should be found valid unless it is "clearly arbitrary, capricious, or unreasonable, having no substantial relationship to the public health, safety, or welfare, or plainly contrary to the zoning laws." McCallen v. City of Memphis, 786 S.W.2d 633, 640 (Tenn.1990). Because the "rational basis" test is the most deferential form of judicial scrutiny, a reviewing court should uphold a challenged zoning ordinance if there is any possible reason that can be conceived to justify it. Fallin v. Knox County Bd. of Commr's, 656 S.W.2d 338, 343-44 (Tenn.1983).

After thorough review of the record, we find that the buffer requirements established by Section 4.190B.5 are unconstitutional. While we agree with Loudon County that the 100 foot buffer zone established by the general assembly of the State of Tennessee is merely a minimum, we find no rational basis for the establishment of a 300 foot buffer in the front or 200 foot buffers on the sides and in the back of the landfill. While the provision does state that the purpose of the buffer is "to visually screen the view of the operation from adjoining properties and public roads," no direct relationship exists between these goals and the sizable buffers mandated. While we believe that counties can implement standards more stringent than

12

those established through the intense scientific study of the State of Tennessee, such stricter provisions must relate in a demonstrably rational way to the goals of the county.

The record contains no basis by which the severe buffers enacted promote the health, safety, and welfare of the Loudon County. The record contains no impact or design considerations which substantiate the quantitative standards of this provision; conversely, such severe buffers reduce an 11 acre property to 1 acre of usable land (See Appendix). We cannot countenance such severe infringements on property without any rational basis. We find this provision is clearly arbitrary and unreasonable as it bears no direct relationship to the goals stated in the provisions; therefore, we, as already stated, hold that 4.190B.5 is unconstitutional.

Based upon the above findings, issue three regarding the grant of a variance to the above provision is moot.

### *Five Mile Separation Requirement*

The Gillmans also contend that the Trial Court erred in finding the prohibition established by §4.190B.8 of approval of any landfill within five miles of an existing landfill constitutional. The Gillmans claim that the five mile separation requirement is also arbitrary, capricious and unreasonable; therefore, the Gillmans believe that it also should be held

unconstitutional.  Loudon County Zoning Resolution §4.190B.8 states:

> 8.  No waste disposal site shall be approved if the site is located within 5 miles (air miles) of an existing operating waste disposal site.  This requirement shall not prevent the expansion of an existing approved landfill operation.

Before dealing with the constitutionality of this provision, we find it prudent to address whether the Trial Court erred in failing to find that this was an expansion of an existing landfill, thereby falling under the expansion exception contained in section 4.190B.8.  The Loudon County Board of Zoning Appeals found that the Gillman's permit request was not for the purpose of expanding an existing landfill.  Instead, the Board found that the permit request was for a new landfill and denied a variance.  In so doing, the Board of Zoning Appeals adopted the meaning of the phrase "expansion of an existing approved landfill" suggested by Patrick C. Phillips, Loudon County's professional planner, in his November 10, 1997 memorandum.  Mr. Phillips suggested "expansion of an existing approved landfill operation" be defined as:

> Expansion shall be interpreted as to allow the continuance of operations of a waste disposal facility within the property boundaries of the site owned and in use by such affected business.  Expansion shall not be construed to allow the continuance of operations through the acquisition of additional land.

This definition is not found in the applicable zoning regulations for Loudon County.

The Board of Zoning Appeals adopted this definition of "expansion" thereby excluding the Gillman's from the exception drafted into the provision. The Trial Court upheld this decision stating in its opinion:

> "The Loudon County Board of Zoning Appeals found the Plaintiffs' application to be for the opening of a new landfill rather than the expansion of an existing landfill. The Court finds this interpretation to be entirely reasonable and consistent with the facts and the provisions of the law. The expansion requested by Plaintiffs is for land not owned by them, nor was it contracted for or approved by Loudon County when the original permit was issued. This is a lateral expansion of an existing landfill onto new property to be acquired by Plaintiffs if they are able to gain the requisite approval. The fact that the two tracts are contiguous does not control. The right to expand an existing landfill can be reasonably interpreted, as the Board of Zoning Appeals has done, not to permit the <u>expansion</u> of the landfill through the acquisition of additional land. (Emphasis added)

The courts construe zoning ordinances using the same principles used to construe statutes. <u>City of Knoxville v. Brown</u>, 195 Tenn. 501, 507, 260 S.W.2d 264, 267 (1953); <u>Anderson County v. Remote Landfill Servs., Inc.</u>, 833 S.W.2d 903, 908-09 (Tenn.Ct.App.1991). Thus, when the language of a zoning ordinance is clear, the courts will enforce the ordinance as written. If, however, the language is unclear, "the Court should call upon their arsenal of interpretational rules, presumptions and aids to arrive at the ordinance's meaning and intent." <u>Whittemore v. Brentwood Planning Comm'n</u>, 835 S.W.2d 11, 15 (Tenn.Ct.App.1992).

Accordingly, the courts construe zoning ordinances as a whole, <u>Tennessee Manufactured Hous. Ass'n v. Metropolitan Gov't</u>,

15

798 S.W.2d 254, 257 (Tenn.Ct.App.1990), and give their words their natural and ordinary meaning unless the ordinance requires otherwise. Boles v. City of Chattanooga, 892 S.W.2d 416, 420 (Tenn.Ct.App.1994). A proper construction furthers the ordinance's general purposes, Jagendorf v. City of Memphis, 520 S.W.2d 333, 335 (Tenn.1974); State ex rel. Smith v. City of Nashville, 51 Tenn.App. 23, 29, 364 S.W.2d 106, 109 (1962), but at the same time prevents the ordinance from being applied to circumstances beyond its scope. Red Acres Imp. Club, Inc. v. Burkhalter, 193 Tenn. 79, 84-85, 241 S.W.2d 921, 923 (1951).

The courts must also construe zoning ordinances with some deference toward a property owners' right to the free use of their property. State ex rel. Morris v. City of Nashville, 207 Tenn. 672, 680, 343 S.W.2d 847, 850 (1961); Boles v. City of Chattanooga, 892 S.W.2d 416, 420 (Tenn.Ct.App.1994); State ex rel. SCA Chem. Servs., Inc. v. Sanidas, 681 S.W.2d 557, 562 (Tenn.Ct.App.1984). Accordingly, the courts should resolve ambiguities in a zoning ordinance in favor of a property owners' unrestricted use of their property. State ex rel. Wright v. City of Oak Hill, 204 Tenn. 353, 356, 321 S.W.2d 557, 559 (1959).

Relying on the natural and ordinary meaning of the provision, and interpreting any ambiguity in favor of the owner's unrestricted use of the property, we must disagree with the Chancellor. The natural interpretation of "expansion" does not provide differentiation between expansion into formerly owned and

16

newly ascertained property.  Such forced construction of zoning ordinances allows zoning boards unlimited discretion to grant or deny permits at will by changing and adding to the basic interpretations of each provision.  Changes, such as changing the definition of expansion, can easily occur through the proper legislative course.  For the above reason, we hold that the Gillmans' permit request was for the expansion of an existing landfill operation, thereby falling under the exception of provision 4.190B.8.

Based of the above finding, it is unnecessary to address the constitutionality of the five mile separation requirement contained in §4.190B.8 and we find issue six regarding the grant of a variance to the above provision moot.

For the foregoing reasons the judgment of the Trial Court is affirmed in part, vacated in part, and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below.  Costs of appeal are adjudged against the Defendants.

_____
Houston M. Goddard, P.J.

17

CONCUR:

_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.